**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-13-0000068**
**08-MAY-2015**
**07:54 AM**

NO. CAAP-13-0000068

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KANIAULONO ANZAI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
SOUTH KOHALA DIVISION
(CASE NO. 3DCW-12-0000207)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Kaniaulono Anzai (Anzai) appeals from the Notice of Entry of Judgment and/or Order, entered on January 9, 2013 in the District Court of the Third Circuit, South Kohala Division (District Court).[1]

Anzai was convicted of Theft (Shoplifting), in violation of Hawaii Revised Statutes (HRS) §§ 708-830(8) (2014) and 708-833(1) (2014).

On appeal, Anzai contends (1) the charge was deficient for failing to include the statutory definition of "intent to defraud" as defined in HRS § 708-800 and (2) the District Court erred by denying his request for a continuance made immediately prior to trial thereby depriving him of his alibi defense.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Anzai's points of error as follows:

---

[1] The Honorable Melvin H. Fujino presided.

(1) For the first time on appeal, Anzai claims the charge failed to state an essential element of the offense, the statutory definition of "intent to defraud," and failed to inform him of the nature and cause of the accusation against him.

The charge was not deficient for failing to state the statutory definition of "intent to defraud," as defined in HRS § 708-800 (2014). "Intent to defraud" is defined as "(1) An intent to use deception to injure another's interest which has value; or (2) Knowledge by the defendant that the defendant is facilitating an injury to another's interest which has value." HRS § 708-800. The State is not required to provide a statutory definition in every charge which tracks the language of a statute that includes terms defined elsewhere in the code. State v. Mita, 124 Hawaiʻi 385, 391-92, 245 P.3d 458, 464-65 (2010). "[T]he State need only allege the statutory definition of a term when it creates an additional essential element of the offense, and the term itself does not provide a person of common understanding with fair notice of that element." Id. at 392, 245 P.3d at 465.

Anzai was charged as follows:

> On or about the 21st day of May, 2012, in the District of South Kohala, County and State of Hawaiʻi, KANIAULONO ANZAI, with intent to defraud, concealed or took possession of the goods or merchandise of a store or retail establishment, that is amaretto liquor belonging to ISLAND GOURMET MARKET, and the value of said property did not exceed $100, thereby committing the offense of Theft in the Fourth Degree (Shoplifting), in violation of Sections 708-830(8) and 708-833(1), [Hawaii] Revised Statutes, as amended.

The statutory definition of "intent to defraud," does not create an additional element of the offense. The intent requirement itself is an element of the offense. Similar to the crime charged in Mita, the definition of "intent to defraud" is consistent with its commonly understood meaning and sufficiently provided Anzai with notice of what was being charged. Id. Anzai stated that he understood the charge, therefore, he cannot claim that he did not know the nature and cause of the accusation against him. Therefore, the charge was not deficient.

(2) Anzai claims that his counsel was not given adequate time to prepare for trial "to explore the possible alibi

and misidentification defenses, including subpoenaing witnesses, as necessary," when his motion for a continuance was denied. The State objected to the continuance because its civilian witness who had to take leave from work was present.

On appeal, Anzai claims that counsel could have "more completely prepared for trial" had the continuance been granted. Anzai notes that "the district court denied Anzai's motion to continue trial at the first trial setting on January 8, 2013," and "the district court was made aware that Anzai was unable to meet with the Trial DPD prior to trial to prepare for the trial." Anzai also claims that the continuance should have been granted to give him time to give notice under Hawai'i Rules of Penal Procedure (HRPP) Rule 12.1 which requires advance notice to the State of an alibi defense. Anzai claims the failure to provide a continuance precluded Anzai's alibi defense and was a court-imposed sanction.

"A motion for continuance is addressed to the sound discretion of the trial court, and the court's ruling will not be disturbed on appeal absent a showing of abuse of that discretion." State v. Lee, 9 Haw. App. 600, 603, 856 P.2d 1279, 1281 (1993). "Generally, to constitute an abuse, it must appear that the court clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant." State v. Crisostomo, 94 Hawai'i 282, 287, 12 P.3d 873, 878 (2000) (citation, internal quotation marks, and brackets omitted).

At trial, Anzai's counsel stated that he only met with Anzai that day when he learned that Anzai was likely to assert an alibi defense; as no notice was given to the State, he requested more time to interview Anzai in person so that he could adequately prepare for trial. The January 8, 2015 court date was a trial date that was set on November 27, 2012. However, trial counsel did not provide any reason why he failed to confer with Anzai prior to trial.

Although Anzai claims that trial counsel could have been better prepared for trial had a continuance been granted, he

3

does not claim trial counsel's conduct constituted ineffective assistance of counsel.

HRPP Rule 12.1 requires that a defendant notify the prosecutor in writing of an intention to rely upon the defense of alibi. HRPP Rule 12.1(a). The rule further states that "Upon the failure of either party to comply with the requirements of this rule the court may exclude the testimony of any undisclosed witness offered by such party as to the defendant's absence from, or presence at, the scene of the alleged offense." HRPP Rule 12.1(e). Anzai claims that he was prevented from asserting an alibi defense because his motion for a continuance was denied after his counsel requested time to serve notice upon the State of his intention to rely upon an alibi defense. Anzai further claims this constitutes a sanction by the District Court.

"In the context of a criminal prosecution, 'alibi' denotes an attempt by the defendant to demonstrate he 'did not commit the crime because, at the time, he was in another place so far away, or in a situation preventing his doing the thing charged against him.'" State v. Cordeira, 68 Haw. 207, 210, 707 P.2d 373, 376 (1985) (quoting Azbill v. State, 19 Ariz. 499, 501, 172 P. 658, 659 (1918)). "Strictly speaking, alibi evidence is merely rebuttal evidence directed to that part of the state's evidence which tends to identify the defendant as the person who committed the alleged crime." Id. (internal quotation marks omitted) (quoting Witt v. State, 205 Ind. 499, 503, 185 N.E. 645, 647 (1933)). "Though Rule 12.1 of the [HRPP] requires the defendant to give notice of an intention to rely upon the defense of alibi,[] it is not an affirmative defense. See [HRS] § 701-115.[] And an 'alibi, if successful, is proven under the aegis of a general denial.'" Id. at 210-11, 707 P.2d at 376 (quoting State v. Hess, 9 Ariz. App. 29, 33, 449 P.2d 46, 50 (1969)). The alibi defense was meant to raise doubt about the identity of the culprit. See State v. Lira, 70 Haw. 23, 30, 759 P.2d 869, 873-74 (1988) (citing Cordeira, 68 Haw. at 212, 707 P.2d at 377). In addition, HRPP Rule 12.1(e) also states "This rule shall not limit the right of the defendant to testify in the defendant's own behalf."

4

Anzai was not precluded from raising an alibi defense or otherwise raising doubt as to the identify of the culprit. Anzai testified that he was not present at the scene on the day of the alleged incident.  Neither did the District Court otherwise sanction Anzai for failing to give notice of his intent to rely upon an alibi defense.  HRPP Rule 12.1(e).  As Anzai did not proffer any other witnesses,[2] the District Court did not exclude any of Anzai's witnesses.  Therefore, the District Court did not err by denying Anzai's motion for a continuance.

THEREFORE,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order, entered on January 9, 2013 in the District Court of the Third Circuit, South Kohala Division is affirmed.

DATED:  Honolulu, Hawaiʻi, May 8, 2015.

On the briefs:

Page C. Kraker,
Deputy Public Defender,
for Defendant-Appellant.

Terri L. Fujioka-Lilley,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2]     We note that in Anzai's January 18, 2013 motion for new trial, later withdrawn, he did not argue that he had identified any potential alibi witnesses.